IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-116-11D
No. 7:20-CV-168-D

| | |
|---|---|
| JABARR RYEHEINE RUDOLPH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 31, 2020, Jabarr Ryeheine Rudolph ("Rudolph" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, correct, or set aside his 240-month sentence due to alleged ineffective assistance of counsel [D.E. 1533, 1536]. On May 19, 2021, the United States moved to dismiss Rudolph's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum in support [D.E. 1574, 1575]. The same day, the court notified Rudolph of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 1576]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On June 10, 2021, Rudolph responded in opposition to the government's motion [D.E. 1578]. On July 6, 2021, Rudolph moved to supplement his motion to vacate and filed the declarations of two family members related to counsel's representation of Rudolph [D.E. 1580].[1] As explained below, the court grants the government's motion to dismiss and dismisses Rudolph's motion to vacate.

I.

On October 25, 2017, without a plea agreement, Rudolph pleaded guilty to conspiracy to

---

[1] The court grants Rudolph's motion to supplement.

distribute and possess with the intent to distribute a quantity of cocaine (count one), distribution of a quantity of heroin (counts eleven, twelve, and thirteen), and distribution of a quantity of heroin and aiding and abetting (counts fourteen and fifteen). See [D.E. 67, 781]; Arraignment Tr. [D.E. 1221]. Rudolph pleaded not guilty to a charge under 18 U.S.C. § 924(c), and a jury acquitted him of that charge. See [D.E. 1050]. On January 28, 2019, the court held Rudolph's sentencing hearing. See [D.E. 1329, 1340]; Sentencing Tr. [D.E. 1395]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and resolved Rudolph's objections. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. at 5–96; PSR [D.E. 1317]. The court calculated Rudolph's offense level to be 32, his criminal history category to be IV, and his advisory guideline range to be 168 to 210 months' imprisonment. See Sentencing Tr. at 96–97. After thoroughly considering the arguments of counsel, the court departed upward under U.S.S.G. § 4A1.3 to a criminal history category VI. See id. at 96–102. The new advisory guideline range was 210 to 240 months' imprisonment. See id. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Rudolph to 240 months' imprisonment on each count to run concurrently. See id. at 115–20; [D.E. 1340]. Rudolph appealed. See [D.E. 1335]. On March 24, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Rudolph's convictions and sentence. See United States v. Rudolph, 806 F. App'x 172 (4th Cir. 2020) (per curiam) (unpublished).

On August 31, 2020, Rudolph moved to vacate his sentence due to alleged ineffective assistance counsel. See [D.E. 1533, 1536]. Rudolph alleges: (1) counsel failed to prepare adequately to challenge the court's calculation of Rudolph's base offense level with mitigating evidence and caselaw; (2) counsel failed to support his arguments challenging Rudolph's obstruction of justice enhancement with legal sources; (3) counsel presented inadequate arguments to challenge the court

2

denying Rudolph credit for acceptance of responsibility; (4) counsel failed to argue that the government committed prosecutorial misconduct by "forcing" Rudolph to stand trial on the section 924(c) charge; (5) counsel failed to object to count one as duplicitous because it charged a multi-object conspiracy; (6) counsel failed to subpoena witnesses for Rudolph's sentencing hearing; (7) counsel failed to seek the district judge's recusal after the court reviewed telephone calls that included threats to and disparaging remarks about the judge; and (8) appellate counsel failed to raise many of the foregoing issues on direct appeal and also failed to challenge Rudolph's aggravating-role enhancement. See [D.E. 1533, 1536]. On May 19, 2021, the United States moved to dismiss Rudolph's motion to vacate for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and filed a memorandum in support. See [D.E. 1574]. Rudolph opposes the motion. See [D.E. 1578].

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551

3

U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting

4

effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

A.

Rudolph's first three arguments allege counsel failed to adequately prepare for Rudolph's sentencing hearing and failed to adequately support Rudolph's objections to the PSR with mitigating evidence and relevant caselaw. See [D.E. 1533] 4, 13–18. The court concludes, however, that Rudolph fails to plausibly allege deficient performance and prejudice.

As for counsel's performance, counsel performed ably. Before the sentencing hearing, counsel filed objections to the PSR and filed a sentencing memorandum on Rudolph's behalf explaining the objections and responding in opposition to the government's motion for an upward departure. See [D.E. 1271, 1324]. At Rudolph's sentencing, counsel carefully cross-examined the government's witnesses, was prepared with documents with which to conduct the cross-examinations, and offered those documents into evidence. See Sentencing Tr. at 21–29; 31–34; 72–85; 89–91. Notably, Rudolph relies on the same documentary evidence in support of his motion to vacate that counsel used at Rudolph's sentencing hearing. See [D.E. 1533-1, 1533-2, 1533-2, 1533-4]. Although counsel may not have cited certain cases in court or made other arguments Rudolph now alleges counsel should have made, counsel's able performance reflected substantial preparation and tactical decisionmaking. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (stating defense counsel does not perform deficiently by failing "to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success"); Strickland, 466 U.S. at 690

5

("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). Considering the totality of counsel's performance, Rudolph has not plausibly alleged "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687–88.

Alternatively, Rudolph has not plausibly alleged prejudice. Rudolph has not plausibly alleged that but for counsel's alleged errors, the court would have calculated his base offense level differently, would have sustained Rudolph's objection to the obstruction of justice enhancement, or would have given Rudolph credit for acceptance of responsibility. Simply put, Rudolph has not plausibly alleged that "the result of the proceeding would have been different." Id. at 694. Thus, Rudolph's first three arguments fail to plausibly allege ineffective assistance of counsel.

Although cloaked as an ineffective assistance claim, Rudolph really claims the court erred concerning Rudolph's base offense level, the obstruction enhancement, and denying Rudolph credit for acceptance of responsibility. Stated differently, Rudolph argues the court miscalculated his advisory guideline range. Rudolph, however, cannot use section 2255 to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding.").

Alternatively, Rudolph raised all three of these issues on direct appeal. The Fourth Circuit held that even if the district court miscalculated Rudolph's advisory guideline range concerning any of these issues, that error was harmless in light of the court's alternative variant sentence. See Rudolph, 806 F. App'x at 173–76. Rudolph cannot use section 2255 to relitigate claims that he raised and lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United

6

States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claims fail.

B.

As for Rudolph's claim that counsel failed to argue that the government committed prosecutorial misconduct by "forcing" Rudolph to go to trial on the section 924(c) count, Rudolph fails to state a claim. [D.E. 1533] 18. Rudolph argues his acquittal at trial was meaningless because he still sustained a 2-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). See id. But Rudolph made a knowing and voluntary decision to plead guilty to counts one, eleven, twelve, thirteen, fourteen, and fifteen while pleading not guilty to the section 924(c) charge and thereby exercising his constitutional right to have a jury trial on that charge. See Arraignment Tr. Once Rudolph decided to go to trial on the section 924(c) charge, the government was not required to drop the section 924(c) charge merely because it could seek a 2-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1). Moreover, Rudolph's acquittal substantively affected his sentence. Had the jury convicted Rudolph of the section 924(c) charge, Rudolph would have received a mandatory minimum five-year consecutive sentence in addition to his sentence on the other counts. See 18 U.S.C. § 924(c). In sharp contrast, the 2-level enhancement, which the court only needed to find by a preponderance of the evidence, affected Rudolph's advisory guideline range but was not binding on the court. See U.S.S.G. chap. 5 pt. A.

Rudolph fails to plausibly allege deficient performance or prejudice. As for counsel's performance, counsel performed admirably by securing an acquittal for Rudolph on a charge that carried a mandatory minimum five-year consecutive sentence. See [D.E. 1050]; 18 U.S.C. § 924(c). And because the government was entitled to try to prove its case at trial, arguing the government

7

committed prosecutorial misconduct by going to trial would have been baseless. Counsel did not perform deficiently by failing to make a baseless argument. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661, 1995 WL 494914, at *2 (4th Cir. 1995) (per curiam) (unpublished table decision). Moreover, Rudolph cannot plausibly allege prejudice from standing trial because counsel secured an acquittal and because Rudolph has not plausibly alleged that, absent going to trial, Rudolph would have pleaded guilty, that the court would have accepted the guilty plea, and that Rudolph's sentence would have been shorter as a result. See Lafler, 566 U.S. at 163–64. Thus, the claim fails.

C.

As for Rudolph's claim that counsel failed to object to count one as duplicitous because it charged a multi-object conspiracy, Rudolph fails to plausibly allege deficient performance or prejudice. See [D.E. 1533] 19–20. "The Supreme Court has expressly rejected the contention that such a count, containing allegations of a single conspiracy to commit two or more separate crimes, is duplicitous." United States v. Marshall, 332 F.3d 254, 262 (4th Cir. 2003); see Braverman v. United States, 317 U.S. 49, 54 (1942). A multi-object conspiracy is not duplicitous because "the conspiracy is the crime, and that is one, however diverse its objects." Braverman, 317 U.S. at 54. Accordingly, objecting to the multi-object conspiracy charge as duplicitous would have been baseless. Counsel did not perform deficiently by failing to make a baseless objection. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; Surginer, 1995 WL 494914, at *2. Moreover, even if not baseless, trial counsel did not need to "raise every available nonfrivolous" argument to provide effective representation. See, e.g., Knowles, 556 U.S. at 126–27. Rather, trial counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Thus, Rudolph fails to state a claim.

8

D.

As for Rudolph's argument that counsel failed to subpoena witnesses for Rudolph's sentencing hearing, Rudolph fails to state a claim. Rudolph argues counsel should have subpoenaed the lab analyst who tested the cocaine and the Deputy United States Marshal who escorted Rudolph in the courtroom when Rudolph threatened Agent Perry, the government's case agent and one of the government's witnesses. See [D.E. 1533] 20; [D.E. 1390] 3 (listing Agent Perry as a witness on the second day of the trial). As to the lab analyst, no one at sentencing questioned the accuracy of the lab report, and counsel used the lab report effectively on cross-examination to establish that the confidential informant bought powder cocaine even though Rudolph marketed it to the confidential informant as crack cocaine, and counsel admitted the lab report as evidence. See Sentencing Tr. at 26–28. Thus, counsel had no need for the lab analyst's testimony. As for the Deputy United States Marshal escorting Rudolph in the courtroom, Rudolph does not plausibly allege that the deputy marshal's testimony would have contradicted Agent Perry's testimony about Rudolph's threatening remarks. Counsel reasonably made a tactical decision not to subpoena the deputy marshal and thereby risk additional damaging testimony about Rudolph's threatening remarks. Accordingly, Rudolph does not allege deficient performance and prejudice, and his claim fails.

E.

As for Rudolph's claim that counsel failed to seek the district judge's recusal, Rudolph fails to state a claim. See [D.E. 1533] 20. Rudolph alleges the grounds for recusal arose when the court reviewed telephone calls between Rudolph and others that included threats toward and disparaging remarks about the court. But a claim for recusal "must allege personal bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." Sine v. Local No. 992 Intern. Broth. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989);

9

see United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984). Rudolph does not plausibly allege any grounds for recusal stemming from an extrajudicial source. Thus, Rudolph has not plausibly alleged any ground on which counsel could have sought a recusal, and seeking recusal would have been frivolous. Counsel did not perform deficiently by failing to make a frivolous motion. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; Surginer, 1995 WL 494914, at *2. Thus, the claim fails.

F.

Rudolph claims he received ineffective assistance of appellate counsel. Rudolph argues appellate counsel failed to challenge count one as duplicitous, failed to challenge the aggravating-role adjustment, failed to argue that the district judge should have recused himself, and failed to challenge the obstruction enhancement based on Rudolph's supposed lack of specific intent. Rudolph fails to state a claim. See [D.E. 1533] 5, 21–22. The court "presume[s] that appellate counsel [correctly] decided which issues were most likely to afford relief on appeal." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (quotation omitted); see Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). "Effective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit." Mason, 774 F.3d at 828–29 (quotation omitted); see United States v. Allmendinger, 894 F.3d 121, 126 (4th Cir. 2018); Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008). Instead, an attorney provides ineffective assistance "only when ignored issues are clearly stronger than those presented." Mason, 774 F.3d at 829 (quotation omitted); see Smith v. Robbins, 528 U.S. 259, 288 (2000); Allmendinger, 894 F.3d at 126.

The claims Rudolph argues appellate counsel should have raised are not clearly stronger than those appellate counsel actually raised. As for challenging count one as duplicitous and Rudolph's

10

recusal argument, those arguments are baseless. As for challenging the aggravating-role adjustment, the court at sentencing sustained in part Rudolph's objection to that enhancement and applied a 2-level enhancement rather than a 4-level enhancement. See Sentencing Tr. at 93–94. The evidence amply supported the 2-level enhancement. Rudolph was a self-described "OG" in the Bloods and was in charge of a group of gang members who were waiting on him and a confidential informant to arrive during a controlled buy. PSR ¶ 10; see Sentencing Tr. at 94; U.S.S.G. § 3B1.1(c) & cmt n.1–2, 4. Moreover, a challenge to the aggravating-role enhancement is a challenge to the court's advisory guideline calculation. Thus, if the court mistakenly applied the aggravating-role adjustment, the Fourth Circuit likely would have held that error harmless, as it did concerning Rudolph's other advisory-guideline-calculation arguments on direct appeal. See Rudolph, 806 F. App'x at 173–76.

As for Rudolph's claim that appellate counsel should have argued Rudolph lacked the specific intent to obstruct justice, that claim would have failed. U.S.S.G. § 3C1.1 requires that the defendant "willfully obstructed . . . or attempted to obstruct" justice, and it also expressly states that threatening a witness meets that standard. U.S.S.G. § 3C1.1(a) & cmt n.4(a). To the extent Rudolph contends counsel should have argued the comments were not obstructive because Agent Perry did not immediately perceive them as threatening, "it is irrelevant whether the witness[] actually felt threatened" given that "an attempted threat also constitutes obstruction of justice." United States v. Discua, 189 F. App'x 202, 207 (4th Cir. 2006) (per curiam) (unpublished). Thus, none of the arguments Rudolph contends appellate counsel should have made on direct appeal are clearly stronger than those appellate counsel actually raised. Thus, Rudolph fails to state a claim.

G.

After reviewing the claims presented in Rudolph's motion, the court finds that reasonable

11

jurists would not find the court's treatment of Rudolph's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS petitioner's motion to supplement [D.E. 1580], GRANTS respondent's motion to dismiss [D.E. 1574], DENIES petitioner's motion to vacate [D.E. 1533, 1536], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _3_ day of January, 2022.

JAMES C. DEVER III
United States District Judge